**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00046-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **FREDERICK BIRD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 32].

## I.     BACKGROUND

In May 2022, the Defendant Frederick Bird, who was on supervised release, possessed a .45 caliber pistol and ammunition.  [Doc. 26: PSR at ¶¶ 9-14].  Police found the pistol during a search of the Defendant's home. [Id. at ¶ 11].  Police also found on the Defendant's cell phone a photograph of the Defendant holding a shotgun.   [Id. at ¶ 16].  The Defendant had previously been convicted of both an offense for which he faced more than 12 months' imprisonment and a misdemeanor crime of domestic violence. [Id. at ¶ 9].

The Defendant was subsequently charged in a Bill of Indictment with one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count 1); and one count of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9).  [Doc. 10: Bill of Indictment]. The Defendant pled guilty to both offenses without a plea agreement.  [Doc. 17].

Prior to sentencing, the Court's probation office submitted a presentence report, which calculated a total offense level of 17 and a total of six criminal history points based on his prior convictions.  [Doc. 26: PSR at ¶¶ 43, 73].  The Defendant was also assessed two criminal history points because he committed the present offenses while he was on supervised release, for a total of eight criminal history points, which corresponded to a criminal history category of IV.  [Id. at ¶¶ 74, 75].  Based on a total offense level of 17 and a criminal history category of IV, the probation office calculated an advisory guidelines range of 37 to 46 months' imprisonment. [Id. at ¶ 135].  The Court sentenced the Defendant to 37 months'

imprisonment, which was at the low end of the advisory guideline range.[1] [Doc. 29: Judgment at 2].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 32]. The Government consents to the Defendant's Motion. [Doc. 35].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to

_____

[1] The Court sentenced the Defendant to 37 months' imprisonment on Count 1 and 37 months' imprisonment on Count 2, to be served concurrently. [Doc. 29: Judgment at 2]. The Court further ordered that this term of imprisonment should run consecutively to any undischarged term of imprisonment, particularly including the term of imprisonment previously imposed by the Court for the Defendant's violation of his supervised release. [Id.; see also Case No. 2:10-cr-27].

3

determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III.   DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six or fewer criminal history points and provides for the addition of

4

only one status point for those defendants with seven or more criminal history points.  U.S.S.G. § 4A1.1(e) (2023).  The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2).  U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d).  This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

At the time of sentencing, the Defendant was assigned a total of eight criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of IV.  With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from eight to six.  That score corresponds to a criminal history category of III, which when combined with a total offense level of 17 results in a revised advisory guidelines range of 30 to 37 months.

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is

5

warranted in whole or in part. Here, the Defendant's post-sentencing conduct supports a reduced sentence. During his period of incarceration, the Defendant has incurred no disciplinary infractions and has participated in a number of educational programs, including a drug education course, and work assignments. [See Doc. 36 at 3].

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's motion for a reduced sentence. In its discretion, the Court will reduce the Defendant's sentence to a term of thirty (30) months on Count 1 and thirty (30) months on Count 2, with those two terms of imprisonment to be served concurrently with one another. The term of imprisonment imposed by this Amended Judgment shall be consecutive to any undischarged term of imprisonment imposed by any state or federal court, whether previously or hereafter imposed, particularly including the term of imprisonment previously imposed by this Court in Case No. 2:10-cr-27.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 32] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **THIRTY (30) MONTHS on Count 1 and THIRTY (30) MONTHS on Count 2, with those two terms of**

**imprisonment to be served concurrently with one another. The term of imprisonment imposed by this Amended Judgment shall be consecutive to any undischarged term of imprisonment imposed by any state or federal court, whether previously or hereafter imposed, particularly including the term of imprisonment previously imposed by this Court in Case No. 2:10-cr-27.**

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: October 24, 2024

Martin Reidinger
Chief United States District Judge

7